IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK10-80627-TJM |
| RAYMOND HERMAN MEHNER, | ) | A11-8032-TJM |
| | ) | |
| Debtor(s). | ) | CHAPTER 11 |
| RAYMOND HERMAN MEHNER and | ) | |
| BARBARA A. MEHNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, a national banking | ) | |
| association, and U.S. NATIONAL BANK[1], a | ) | |
| national banking association, as Trustee for | ) | |
| Structured Adjustable Rate Mortgage Trust, | ) | |
| Series 2006-5, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on motions for summary judgment by defendants U.S. Bank (Fil. No. 21) and Wells Fargo Bank (Fil. No. 22). No response was filed. Ryan M. Hoffman represents the plaintiffs, and Donald J. Pavelka, Jr., and Matthew E. Eck represent the defendants. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

The motions are granted.

The plaintiffs filed this action to clarify that defendant U.S. Bank is, in fact, a creditor. In addition, the plaintiffs seek damages from, and the denial of the claim of, defendant Wells Fargo Bank.

The Mehners purchased a home in Omaha, Nebraska, in November 2005. In conjunction with that transaction, they executed a promissory note in the principal amount of $1,306,875.00 to Homeservices Lending, LLC, d/b/a CBSHome Mortgage, and provided a deed of trust on the property to secure the loan. At the same time, they executed a second note, in the principal amount

---

[1]Counsel for the defendant and documents in the court record indicate the defendant's name is "U.S. Bank National Association."

of $174,250.00, to Wells Fargo Bank, and provided a second deed of trust on the property as security for the loan.

Mr. Mehner filed a Chapter 11 bankruptcy petition in March 2010. U.S. Bank and Wells Fargo Bank filed proofs of claim in the bankruptcy case, and U.S. Bank moved for relief from the automatic stay to foreclose on the property. In support of its motion for summary judgment, U.S. Bank alleged that it had received its rights, title, and interest in the note and deed of trust via a series of assignments that also involved Wells Fargo Bank. The plaintiffs challenge U.S. Bank's assertion of authority and seek strict proof, in the form of documentation, of its rights in the note and deed of trust through the chain of title.

The plaintiffs also challenge Wells Fargo Bank's proof of claim and seek compensation for damage to the property. The house suffered roof damage in 2008 and an insurance check was issued jointly to the plaintiffs and Wells Fargo Bank. The plaintiffs allege that Wells Fargo negotiated the check without the plaintiffs' endorsements and retained the proceeds. The plaintiffs further allege that Wells Fargo has refused to pay for any repairs to the roof, so the structure has suffered additional damage as a result.

Both defendants have now moved for summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The uncontroverted evidence establishes the following facts:

1.  Raymond H. and Barbara A. Mehner[2] executed an adjustable rate note, in the principal amount of $1,306,875.00, to Homeservices Lending, LLC DBA CBSHome Mortgage, on November 3, 2005.

2.  The Mehners executed a deed of trust with an adjustable rate rider and an inter vivos revocable trust rider for the lender on November 3, 2005, pledging as security Lots 32 and 33, Linden Estates, a subdivision, as surveyed, platted and recorded in Douglas County, Nebraska, and Lot 2, Linden Estates Replat 5, a subdivision, as surveyed, platted and recorded in Douglas County, Nebraska, with the address of 1201 N. 138th Circle, Omaha, NE 68154.

3.  The deed of trust was recorded by the Douglas County Register of Deeds on November 22, 2005.

4.  The deed of trust was assigned to Wells Fargo Bank, N.A., on November 3, 2005.

5.  The assignment was recorded by the Douglas County Register of Deeds on November 28, 2005.

6.  Wells Fargo N.A. executed a notice of assignment of the deed of trust to U.S. Bank National Association, as Trustee for SARM 2006-5, on March 4, 2009.

7.  The notice of assignment was recorded by the Douglas County Register of Deeds on May 1, 2009.

8.  Raymond H. Mehner filed a Chapter 11 bankruptcy petition on March 8, 2010.

9.  U.S. Bank, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Series 2006-5, filed a motion for relief from the automatic stay on December 16, 2010, asserting:

    a.      U.S. Bank is the current holder of the note and deed of trust;

    b.      Wells Fargo Bank, N.A., is the current loan servicer of the note and deed of trust and, as such, currently possesses the original note and deed of trust;

    c.      the Mehners are in default under the terms of the note;

    d.      the Mehners did not reside in the property;

    e.      U.S. Bank had initiated non-judicial foreclosure proceedings and scheduled a trustee's sale for July 13, 2009;

---

[2]Mr. Mehner executed all relevant documents as trustee of the Mehner Family Living Trust.

f.      the Mehners filed a petition for injunction in Douglas County District Court on July 7, 2009, and obtained a temporary restraining order;

g.      the Douglas County District Court terminated the temporary restraining order, denied the motion for temporary injunction, and dismissed the Mehners' petition on July 20, 2009;

h.      U.S. Bank resumed foreclosure proceedings and scheduled a trustee's sale for November 20, 2009;

i.      the Mehner Family Trust, and certain individuals, filed a complaint for injunctive relief with the Douglas County District Court on November 13, 2009, and obtained a temporary restraining order;

j.      on November 19, 2009, the Douglas County District Court dissolved the temporary restraining order, ordered the November 20, 2009, trustee's sale to proceed, and dismissed the complaint;

k.      the Mehner Family Living Trust filed a Chapter 11 bankruptcy petition on November 19, 2009;

l.      that bankruptcy case was dismissed by the court on December 15, 2009;

m.      the Mehners appealed the district court judgments but did not post a bond to stay the foreclosure proceedings;

n.      U.S. Bank scheduled a trustee's sale for March 9, 2010;

o.      on March 4, 2010, the Mehner Family Trust conveyed its interest in the real estate to Raymond Mehner, who filed a Chapter 11 petition on March 8, 2010;

p.      the Nebraska Court of Appeals reversed the dismissal of the state court litigation on August 24, 2010, and remanded the matter;

q.      U.S. Bank answered the Mehners' state court complaint, but the case was subsequently dismissed for lack of prosecution; and

r.      relief should be granted under 11 U.S.C. § 362(d)(1) and (2).

10.  The Mehners filed this adversary proceeding April 14, 2011.

11.  The hearing on the motion for relief has been postponed indefinitely.

12.  The Mehners did not respond to discovery propounded in this matter by the defendants.

13.  The Mehners retained new counsel, who entered an appearance in the bankruptcy case on February 1, 2012, and moved for an extension of time to respond to the summary judgment motions. He was directed to file that motion in the adversary proceeding, but did not do so.

14.  No objection or evidence has been filed in opposition to the defendants' summary judgment motions.

The plaintiffs' failure to answer the defendants' discovery requests leaves them in an untenable position to pursue the allegations in their complaint. Under Federal Rule of Civil Procedure 36(a), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7036, "each matter requested is deemed admitted unless the responding party serves a written answer or objection within 30 days." Manatt v. Union Pacific R. Co., 122 F.3d 514, 516-17 (8th Cir. 1997) (citing Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983). See also Ru Jan Yang Living Trust v. Qin (In re Qin), 285 B.R. 292, 296 (Bankr. N.D. Iowa 2002) (stating that plaintiff's failure to admit or deny a certain allegation in request for admission means the allegation stands as admitted and conclusively established.)

Therefore, because the plaintiffs have not demonstrated the existence of any factual dispute, the defendants are entitled to judgment as a matter of law.

IT IS ORDERED: The motion for summary judgment by defendant U.S. Bank, N.A., (Fil. No. 21) is granted. The motion for summary judgment by defendant Wells Fargo Bank (Fil. No. 22) is granted. Separate judgment will be entered.

DATED:          February 24, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
     Ryan M. Hoffman
     *Donald J. Pavelka, Jr.
     *Matthew E. Eck
     U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.