IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK10-80627-TJM |
| RAYMOND HERMAN MEHNER, | ) | A11-8032-TJM |
| | ) | |
| Debtor(s). | ) | CHAPTER 11 |
| RAYMOND HERMAN MEHNER and | ) | |
| BARBARA A. MEHNER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, a national banking | ) | |
| association, and U.S. NATIONAL BANK, a | ) | |
| national banking association, as Trustee for | ) | |
| Structured Adjustable Rate Mortgage Trust, | ) | |
| Series 2006-5, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the plaintiffs' motion to reconsider and vacate the order granting the defendants' motions for summary judgment (Fil. No. 36) and motion to withdraw admissions (Fil. No. 41). Hearing was held on the motion to reconsider on March 5, 2012. Ryan M. Hoffman appeared for the plaintiffs, and Matthew E. Eck appeared for the defendants. Evidence has been filed, and the matters are now ready for decision.

The plaintiffs filed this action to clarify that defendant U.S. Bank is, in fact, a creditor. In addition, the plaintiffs seek damages from, and the denial of the claim of, defendant Wells Fargo Bank.

The Mehners purchased a home in Omaha, Nebraska, in November 2005. In conjunction with that transaction, they executed a promissory note in the principal amount of $1,306,875.00 to Homeservices Lending, LLC, d/b/a CBSHome Mortgage, and provided a deed of trust on the property to secure the loan. At the same time, they executed a second note, in the principal amount of $174,250.00, to Wells Fargo Bank, and provided a second deed of trust on the property as security for that loan.

Mr. Mehner filed a Chapter 11 bankruptcy petition in March 2010. U.S. Bank and Wells Fargo Bank filed proofs of claim in the bankruptcy case, and U.S. Bank moved for relief from the

automatic stay to foreclose on the property. In support of its motion for summary judgment, U.S. Bank alleged that it had received its rights, title, and interest in the note and deed of trust via a series of assignments that also involved Wells Fargo Bank. The plaintiffs challenge U.S. Bank's assertion of authority and seek strict proof, in the form of documentation, of its rights in the note and deed of trust through the chain of title.

The plaintiffs also challenge Wells Fargo Bank's proof of claim and seek compensation for damage to the property. The house suffered roof damage in 2008 and an insurance check was issued jointly to the plaintiffs and Wells Fargo Bank. The plaintiffs allege that Wells Fargo negotiated the check without the plaintiffs' endorsements and retained the proceeds. The plaintiffs further allege that Wells Fargo has refused to pay for any repairs to the roof, so the structure has suffered additional damage as a result.

The defendants moved for summary judgment – while the plaintiffs were unrepresented – and the court granted those motions on February 24, 2012, because the Mehners had not responded to discovery or resisted the motions. The discovery requests were deemed admitted by virtue of Federal Rule of Civil Procedure 36(a) and Federal Rule of Bankruptcy Procedure 7036, so there were no factual issues in dispute and the defendants were entitled to judgment as a matter of law. According to the case docket, counsel for the plaintiffs entered his appearance shortly before the resistance date on the summary judgment motions and moved for an extension of time to respond. The motion for extension was erroneously filed in the bankruptcy case, so the clerk's office directed him to file it in the adversary proceeding. No such remedial filing occurred and the motions were taken under advisement and ruled on in due course. At the hearing on the motion to reconsider, the plaintiffs were given time to submit their discovery responses and file a resistance to the summary judgment motions, and they have now done so.

The plaintiffs argue that communications between the plaintiffs' previous counsel and the banks' counsel suggest an informal or tacit agreement to extend the time for the plaintiffs to respond to the pending discovery requests. The plaintiffs have now served their discovery responses and request that their deemed admissions be set aside. The federal procedural rules allow the court to permit admissions to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); Bender v. Xcel Energy, Inc., 507 F.3d 1161, 1168 (8th Cir. 2007).

This case raises important issues that should be decided on the merits rather than on a technicality. The defendants will not be significantly prejudiced by having to defend the action on its merits, other than the prejudice inherent in the delays involved in this case. Accordingly, the motion to withdraw admissions will be granted, the summary judgment will be vacated, and the parties will be directed to file a joint preliminary pretrial statement.

IT IS ORDERED: The plaintiffs' motion to reconsider and vacate the order granting the defendants' motions for summary judgment (Fil. No. 36) is granted. The order and judgment (Fil.

Nos. 32 and 33) are hereby vacated. The plaintiffs' motion to withdraw admissions (Fil. No. 41) is granted. The parties should file a joint preliminary pretrial statement by May 9, 2012.

    DATED:    April 10, 2012

                              BY THE COURT:

                              /s/ Timothy J. Mahoney
                              United States Bankruptcy Judge

Notice given by the Court to:
    *Ryan M. Hoffman
    Matthew E. Eck
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.